UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHONDA BURNEY and COURTNEY BURNEY ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> GOOD SHEPHERD AUTO SALES, LLC ) <br>  - and - ) <br> AUTOFLOW FINANCING, LLC ) <br>     Defendants ) <br> _____ ) | CIVIL ACTION NO. <br><br> COMPLAINT <br><br><br> JURY TRIAL DEMANDED <br><br><br><br> MARCH 6, 2014 |

COMPLAINT

I. INTRODUCTION

This is a suit brought by two consumers residing in Connecticut regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract ("the Contract"). Plaintiffs bring this action to recover actual and statutory damages, reasonable attorney's fees, and costs from Defendant Good Shepherd Auto Sales, LLC, ("Good Shepherd"), the successor by merger of HomeTowne Auto Sales, LLC ("HomeTowne"), and Defendant Autoflow Financing, LLC ("Autoflow").

Plaintiffs claim that HomeTowne breached an express warranty and the implied warranty of merchantability within the meaning of Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC"). Plaintiffs further claim that HomeTowne violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), by not displaying the Buyers Guide sticker required by federal regulations on the Vehicle prior to the time of sale. Defendant Autoflow is included in the action as the assignee of the Contract. Additionally, Good Shepherd

and Autoflow have violated the Electronic Fund Transfer Act ("EFTA") by requiring Plaintiffs to make payments by electronic transfer as a condition of financing the purchase of the Vehicle. Plaintiffs also claim against Autoflow for violation of the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA"). Plaintiffs seek damages and an order that they have no further obligation under the Contract.

## II. PARTIES

1. Plaintiffs are natural persons residing in Hartford, Connecticut.

2. Defendant Good Shepherd is a domestic limited liability company and the successor by merger of HomeTowne, which operated a used car dealership in South Windsor, CT.

3. Defendant Autoflow is a domestic limited liability company and sales finance company licensed to do business in Connecticut that accepts the assignment of finance contracts from Connecticut car dealerships.

## III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1693m, 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over the defendants because they are Connecticut companies that regularly conduct business in this state.

6. Venue in this court is proper because the Plaintiffs reside in Connecticut and the claims involve a transaction that occurred in Connecticut.

## IV. **FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

7. On or around April 12, 2013, Plaintiffs visited HomeTowne and purchased the Vehicle, a 2003 Chevrolet Monte Carlo.

8. The Vehicle did not have a copy of the "Buyers Guide" sticker required to be placed on all motor vehicles by federal regulation.

9. Conn. Agency Reg. § 42-110b-28(23) provides that violation of any federal regulation concerning the sale of motor vehicles is a violation of CUTPA.

10. Plaintiffs suffered an ascertainable loss of money or property due to HomeTowne's violation of CUTPA, because the provision of the information in the Buyers Guide has value to consumers, and Plaintiffs are entitled to actual damages, punitive damages, and a reasonable attorney's fee under CUTPA.

11. The total cost of the Vehicle, with taxes and fees, was $12,843.22.

12. Plaintiffs paid a down payment of $2,500 and financed the remaining $10,343.22 pursuant to a retail installment contract (the "Contract").

13. HomeTowne and Autoflow, share common ownership and management.

14. HomeTowne and Autoflow required Plaintiffs to make their installment payments under the Contract by electronic fund transfer, and Plaintiffs were required to open a checking account for purposes of setting up the transfer.

15. After a few payments had been made by auto deduct, Rhonda Burney contacted Autoflow and spoke with its employee Christopher Criss.

16. Rhonda Burney asked if the electronic fund transfers could be discontinued.

17.     Criss responded that the automatic payments could not be discontinued.

18.     Rhonda Burney was eventually able to discontinue the electronic fund transfers by requesting that her own bank discontinue them.

19.     It was, at the time of the purchase, Autoflow's policy to require electronic fund transfer of all customers as a condition of financing.

20.     The Defendants' requirement that payments be made by electronic fund transfer as a condition of financing was a violation of Section 1692k of the EFTA, and Plaintiffs are entitled to statutory damages of between $100 to $1,000 under the EFTA plus a reasonable attorney's fee.

21.     Additionally, a check engine light was on prior to the sale of the Vehicle to Plaintiffs, and it was evident that the Vehicle was not in condition to be delivered.

22.     HomeTowne agreed that it would make necessary repairs to the Vehicle.

23.     HomeTowne provided Plaintiffs with an express warranty that the Vehicle would be mechanically operational and sound for a period of 30 days or 1,500 miles.

24.     The Vehicle was not mechanically operational and sound at the time of delivery.

25.     The Vehicle was not in merchantable condition within the meaning of the UCC at the time of delivery.

26.     Plaintiffs provided HomeTowne with a reasonable opportunity to repair the Vehicle, but it has failed to do so, and as of February 7, 2014, it was inoperable.

27.     Plaintiffs, by their attorney, served formal notice of revocation of acceptance on February 7, 2014 to Good Shepherd and to Autoflow and demanded a return of the amounts paid for the Vehicle.

28. HomeTowne breached the implied warranty of merchantability under Conn. Gen. Stat. § 42a-2-314.

29. HomeTowne breached the express warranty under Conn. Gen. Stat. § 42a-2-313 that the Vehicle would be mechanically operational and sound for a period of 30 days or 1,500 miles.

30. Plaintiffs validly and effectively revoked their acceptance of the Vehicle and are entitled to a return of the amounts paid for the Vehicle and the amounts paid under the Contract pursuant to Conn. Gen. Stat. § 42a-2-608 and § 42a-2-711.

31. Plaintiffs are also entitled to their damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 2310.

32. HomeTowne's (and Good Shepherd's) breaches of warranty were willful and intentional, in that it knew that the Vehicle was not in sound condition at the time of delivery but it nevertheless delivered the Vehicle, failed to repair the Vehicle, and refused to return Plaintiffs' money.

33. Because of the willful nature of the breach of warranty, Plaintiffs are entitled to common law punitive damages, which are expected to exceed $50,000.

34. The Contract provides that Autoflow is subject to all claims and defenses that could be asserted against HomeTowne, with any recovery limited to the amounts paid under for the Vehicle.

35. Plaintiffs made prior written demand upon Good Shepherd, thereby extending Autoflow's liability to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

36. Plaintiffs are entitled to an order that they are not responsible for the balance claimed due under the Contract by Autoflow.

37. Upon its receipt of the February 7, 2014 letter from Plaintiffs' attorney, Autoflow knew that Plaintiffs disputed any obligation under the Contract and that Plaintiffs were represented by legal counsel in connection with the debt claimed by Autoflow.

38. Notwithstanding its knowledge of representation, Autoflow contacted Plaintiffs directly in an attempt to collect the debt in violation of the CCPA.

39. Autoflow is liable to Plaintiffs for statutory damages plus a reasonable attorney's fee under Section 36a-648 of the CCPA.

PLAINTIFFS, RHONDA BURNEY &
COURTNEY BURNEY

By: /s/ Daniel S. Blinn
   Daniel S. Blinn, ct02188
   Consumer Law Group, LLC
   35 Cold Spring Rd. Suite 512
   Rocky Hill, CT  06067
   Tel. (860) 571-0408
   Fax. (860) 571-7457
   dblinn@consumerlawgroup.com

6